592 So.2d 1365 (1991)
STATE of Louisiana
v.
Gregory KELLER.
No. 91 KW 0846.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
Writ Denied February 28, 1992.
*1365 Mark Rhodes, Asst. Dist. Atty., Houma, for plaintiff and appellee State of La.
Anthony Champagne, Indigent Defender, Houma, for defendant and appellant Gregory Keller.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
The defendant, Gregory D. Keller, was charged by grand jury indictment with first degree murder. La.R.S. 14:30A(3). Specifically, the indictment charged that the defendant killed a pregnant woman, Andrea Simmons, and her unborn child. The defendant filed a motion to quash the indictment on the basis that a fetus could not be considered a person for purposes of La.R.S. 14:30A(3) and, therefore, he could not be charged with first degree murder. After a hearing, the trial court denied the motion. The defendant applied for supervisory writs with this court. On June 10, 1991, this court denied the defendant's writ application. State v. Keller, No. KW 91 0846. The defendant then applied for supervisory writs with the Louisiana Supreme Court. On June 28, 1991, the Louisiana Supreme Court granted the writ application and remanded the case to this Court for briefing, arguing, and an opinion. State v. Keller, 582 So.2d 848 (La.1991).
Although tragic, the death of the unborn child, or fetus, is not the issue in this case. As noted by the trial court in its written reasons for judgment, a first degree murder under La.R.S. 14:30A(3) "does not require the actual commission of two murders." The issue presented herein is *1366 whether or not an unborn child, or fetus, can be considered a "person" for purposes of La.R.S. 14:30A(3), which provides, in pertinent part:
First degree murder is the killing of a human being:
When the offender has a specific intent to kill or to inflict great bodily harm upon more than one person;....
A homicide is the killing of a "human being." La.R.S. 14:29. While the killing of an unborn child might constitute feticide, as provided in La.R.S. 14:32.5-14:32.8, under the current state of the jurisprudence, a fetus is not considered a human being for purposes of the homicide statutes. State v. Brown, 378 So.2d 916 (La.1979); State v. Gyles, 313 So.2d 799 (La.1975); In Brown, the Louisiana Supreme Court concluded that the 1976 amendment of La.R.S. 14:2(7) did not have the effect of redefining the term "human being" contained in La.R.S. 14:29. The Supreme Court noted that a human being is one born alive.
Nevertheless, La.R.S. 14:2(7) as amended by Act 256, sec. 1, of 1976, provides, in pertinent part:
"Person" includes a human being from the moment of fertilization and implantation....
Therefore, we conclude that, in a situation involving two victims, if someone kills a human being, i.e., one born alive, as defined in Brown, while possessing the specific intent to kill or to inflict great bodily harm upon two persons, such conduct constitutes first degree murder under La.R.S. 14:30A(3), regardless of whether or not the other person is a human being born alive or is a fetus.
Accordingly, we affirm the trial court's ruling denying the defendant's motion to quash the indictment. The case is remanded to the trial court for further proceedings not inconsistent with this opinion.[1]
AFFIRMED AND REMANDED.
NOTES
[1] In State v. James, 339 So.2d 741, 743-744 (La.1976), an indictment literally charged the defendant with the first degree murder of two victims. After a jury trial, the defendant was convicted of the responsive offense of second degree murder. On appeal, the defendant argued that his conviction should be reversed on the basis that the indictment charged the first degree murder of two victims. However, the Louisiana Supreme Court concluded that the indictment charged only one offense and should not be considered invalid because it gave the defendant adequate notice of the crime charged. The Supreme Court found that, while the addition of the second victim's name to the indictment was unnecessary, it merely had the effect of providing the defendant with additional information concerning the crime charged.

The instant indictment states that the defendant "did knowingly and intentionally commit first degree murder of one Andrea Simmons and of the unborn fetus (sic) being carried by the said Andrea Simmons, in violation of LSA R.S. 14:30A(3)." (emphasis ours). The literal wording of the indictment, while not listing two separate counts, actually charged the defendant with the first degree murder of Andrea Simmons and the first degree murder of her unborn child. However, as noted above, a fetus is not a human being for purposes of La.R.S. 14:29. Therefore, to the extent that the indictment charges first degree murder of the unborn child, it could be considered invalid. Nevertheless, applying the result in James to the instant case, we find that the indictment charges only one offense, the first degree murder of Andrea Simmons. There is no doubt that the defendant has adequate notice of the crime charged. Both the trial court's written reasons for judgment and the State's brief to this Court indicate that the defendant is charged only with first degree murder of Andrea Simmons. In the instant case, as in James, it is obvious that the second victim, the unborn child, has been added to the indictment to explain why first degree murder is charged (i.e., the killing of a human being with the specific intent to kill or to inflict great bodily harm upon more than one person). In our view, the fact that the unborn child is listed in the indictment does not render the indictment invalid. We find that the listing of the unborn child in the indictment is an unnecessary allegation which we disregard as surplusage. La.Code Crim.P. art. 486.